08-0046-ag
Chen v. Holder

BIA
Morace, IJ
A073 611 549

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

_____

WU GUANG CHEN,
> _____*Petitioner*,

> > v.                                          08-0046-ag
> >                                             NAC

ERIC H. HOLDER, JR.,[1]
> *Respondent*.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Thomas V. Massucci, New York, New York.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Scott Rempell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wu Guang Chen, a native and citizen of the People's Republic of China, seeks review of the December 7, 2007 order of the BIA, affirming the December 20, 2005 decision of Immigration Judge ("IJ") Phillip L. Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wu Guang Chen*, No. A073 611 549 (B.I.A. Dec. 7, 2007), *aff'g* No. A073 611 549 (Immig. Ct. N.Y. City Dec. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*,

432 F.3d 391, 394 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. The IJ reasonably found that: (1) Chen's testimony was "very generalized, lacking in details, [and] that he [was] very much detached from his own claim," particularly given Chen's testimony that he never intended to file an asylum application when came to the United States; (2) although Chen testified before an asylum officer that he was detained by family planning officials for nine months because he failed to pay a fine, he made no such assertion in his asylum application;[2] (3) Chen testified implausibly when he claimed that, although his wife had been in hiding for twelve years, during that time she was able to obtain official documentation from the Chinese government, including a marriage certificate, household registrations, and birth certificates; and (4)

---

[2] We find no merit in Cheng's argument that the record of his asylum interview was unreliable. To the contrary, the IJ weighted that evidence carefully and reasonably assigned it probative weight. *Diallo v. Gonzales,* 445 F.3d 624, 632 (2d Cir. 2006).

there were inconsistencies both within Chen's testimony and between his testimony and the documentary evidence that he submitted regarding whether his marriage was registered. While Chen offered explanations before the agency that were responsive to each of these findings, the agency did not err in rejecting them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). We are similarly unpersuaded by the arguments Chen makes in this Court.

Ultimately, substantial evidence supported the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Accordingly, the agency properly denied his application for asylum and withholding of removal.[3] *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Chen does not challenge the agency's denial of his application for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

---

[3] Because the adverse credibility determination is alone dispositive, we need not reach the agency's alternative burden findings.

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____